UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RHONDA HAWKS,<br><br>                **Plaintiff,**<br>v.<br><br>**THE PNC FINANCIAL SERVICES GROUP INC.,** and<br><br>**THE PNC FINANCIAL SERVICES GROUP, INC. AND AFFILIATES LONG-TERM DISABILITY PLAN,**<br><br>                **Defendants.** | Civil Action No. 2:21-cv-00612-LPL |

**REPLY in FURTHER SUPPORT of
PLAINTIFF'S MOTION for SUMMARY JUDGMENT**

**Table of Contents**

**Standard of Review** ................................................................................................................ 1

**Discussion** ................................................................................................................................ 2

    A.    **Ms. Hawks' evidence *supports* her claim for LTD benefits.** ............................... 2

    B.    **Lincoln Life did *not* adhere to the terms of the Plan or ERISA claim regulations.** ................................................................................................ 3

    C.    **Lincoln Life's decision was based on a *flawed* investigation and analysis.** ....... 4

    D.    **Ms. Hawks' remedy is *not* limited to remand.** ..................................................... 5

**Conclusion** ............................................................................................................................... 5

Plaintiff Rhonda Hawks ("Ms. Hawks") has filed her motion for summary judgment and Defendants[1] have filed their response. *See* Dkts 42 and 47.  As such, consistent with this Court's orders and chamber rules, Ms. Hawks submits this short reply in support of her motion.

As discussed thoroughly in her briefing, Ms. Hawks' treating physicians continued to support her claim for Disability benefits—confirming she was unable to work in her occupation or any occupation full-time. *See e.g.* AR 485; AR 178 ("…can work only 1/3 of the day."). Additionally, the opinions from Mr. Provder and the Social Security Administration **confirmed** Ms. Hawks' could not perform *any* occupation—let alone her own occupation.

Despite this evidence, Lincoln Life Assurance Company of Boston ("Lincoln Life") determined Ms. Hawks did not satisfy the Plan's definition of Disability.  This decision wholly failed to account for Ms. Hawks' **actual job duties** and other cases concerning PNC Branch Managers—finding the position to be sedentary **and light** duty. *See* AR 997 ("The physical demands of the job are unknown."); *Herbert v. PNC Fin. Servs. Grp.*, 2016 U.S. Dist. LEXIS 15133, *29 (E.D.Pa. Feb. 8, 2016) ("…Branch Manager required sedentary and light physical demands.").  Therefore, Ms. Hawks requests the Court enter judgment in her favor.

## Standard of Review

Defendants **bear the burden** of proving the Plan provided discretionary authority, it was permitted to delegate its discretion, and the discretion was exercised by a party authorized to do so. *See Viera v. Life Ins. Co. of N. Am.*, 642 F.3d 407, 413 (3d Cir. 2011); *Lucas v. Liberty Life Assur. Co.*, 2014 U.S. Dist. LEXIS 184860, *21 (E.D.Pa. Mar. 28, 2014).  Here, the Claims Administrator was "Lincoln Financial Group." *See* AR 104.  However, the entity that made the decision was "Lincoln Life Assurance Company of Boston." *See* AR 495.  In their response,

---

[1]   The PNC Financial Services Group, Inc. and Affiliates Long-Term Disability Plan (the "Plan") and PNC Financial Services Group, Inc. ("PNC") (collectively "Defendants").

Defendants provide **no evidence** of the relationship between Lincoln Financial and Lincoln Life. Absent such information, Defendants have failed to meet their burden of proof.  Notably, the ASA Defendants rely upon identifies "Liberty Life Assurance Company of Boston" as the entity with discretion—***not*** Lincoln Financial or Lincoln Life. *See* AR 1480-1481.

## Discussion

A.  **Ms. Hawks' evidence *supports* her claim for LTD benefits.**

As discuss in her motion, Ms. Hawks provided Defendants and Lincoln Life with sufficient evidence to satisfy the Plan's definition of Disability.  ***First***, contrary to Defendants' arguments, Dr. Lewis provided supporting opinions and refused to identify ***any level*** of work Ms. Hawks could perform on a full-time basis. *See e.g.* AR 485, 955, 1176.  At the time of his November 12, 2019 opinion, Ms. Hawks could "continue activities as tolerated"—consistent with Dr. Lewis' opinion that she "will always have persistent pain and stiffness." *See* AR 482, AR 1006.  Had Dr. Lewis believed Ms. Hawks could work full-time, he would have indicated so.

***Second***, Dr. Anderson's opinions also support Ms. Hawks.  Again, Ms. Hawks' occupation was at a minimum "sedentary ***and*** *light*"—if not completely light duty. *See infra*.  Dr. Anderson's August 20, 2020 opinion ***confirmed*** his belief that Ms. Hawks could "work only 1/3 of the day." *See* AR 178.  Notably, this opinion ***is in the Administrative Record*** and referenced throughout. *See e.g.* AR 161; AR 178.  Defendants cannot now complain about Ms. Hawks relying on this opinion.  At a minimum, Lincoln Life could and should have sought the specific opinion form itself, but chose not to—improperly turning the claims process adversarial.

> The record further reveals that UNUM acted more like Plaintiff's adversary than an impartial judge of his claim for benefits. Courts have admonished such behavior, and have considered such behavior as grounds for overturning a benefits decision.

*Holzschuh v. UNUM Life Ins. Co.*, 2002 U.S. Dist. LEXIS 13205, *24 (E.D.Pa. July 17, 2002).

***Third***, Mr. Provder's opinions considered relevant and proper documentation. *See* AR 178; AR 334.  Further, unlike Lincoln Life, Mr. Provder actually evaluated Ms. Hawks and his opinions were validated using industry standardized testing. *See e.g.* AR 343 ("It has been validated against the GATB…"); AR 173 ("…with high level so content validity…").  Again, Lincoln Life's vocational opinions contained little detail when compared Mr. Provder's.  Moreover, Mr. Provder's opinion is consistent with prior cases concerning a similar occupation at PNC, as well as the need to consider Ms. Hawks' actual occupation requirements. *See e.g. Herbert*, 2016 U.S. Dist. LEXIS 15133 at *29 ("…Herbert's role as a Branch Manager required sedentary and light physical demands."); *Van Arsdel v. Liberty Life Assurance Co.*, 267 F.Supp.3d 538, 576 (E.D.Pa.2017).[2]  As such, the evidence in the record ***supports*** Ms. Hawks.

**B.      Lincoln Life did *not* adhere to the terms of the Plan or ERISA claim regulations.**

Lincoln Life failed to adhere to the terms of the Plan and ERISA in multiple ways.  ***First***, in terminating Ms. Hawks' benefits, Lincoln failed to address Ms. Hawks' award of SSDI benefits. *See* AR 495-497.  In its response, Defendants argue that Lincoln Life did consider Ms. Hawks' award of SSDI benefits—citing to the November 12, 2020 letter. *See* Dkt 47, p.21.  However, the November 12, 2020 letter was the ***appeal denial***. *See* AR 147.  Defendants cannot—and do not—explain why Lincoln Life failed to mention Ms. Hawks' award of SSDI benefits in the original termination letter.  Further, as discussed in Ms. Hawks' original memorandum, Lincoln Life is ***not*** permitted to add reasons for denying benefits at the appeals stage, including its explanation for disagreeing with the SSA. *See e.g. Mullica v. Minn. Life Ins. Co.*, 2013 U.S. Dist. LEXIS 140271, *16-17 (E.D. Pa. Sep. 27, 2013).

---

[2]     The physical therapy notes do ***not*** contain an admission from Ms. Hawks—neither her nor the physical therapist are vocationally qualified to state what duty an occupation falls within. Further, the physical therapy notes ***confirm*** Ms. Hawks' occupation required her to remain standing, as well as walk and move around—aspects of a light duty occupation. *See* AR 1042.

***Second***, contrary to Defendants arguments, Lincoln Life ***did fail*** to advise Ms. Hawks of the ***specific*** information it needed.  Buried in the bottom of the termination letter is a request for additional "treatment notes, test or therapy notes that were not previously submitted…from January 2019 to present; as well as any additional information which you feel will support your claim." See AR 496-497.  However, before this Court, Defendants complain that information from June 2019 was "over a year old"—meaning Lincoln Life requested information Defendants contend would be "old." See Dkt 39, p.19.  Further, in briefing, Defendants also argue Ms. Hawks "left the section for tasks/duties for her job as PNC Branch Manager blank." *Id*, p.13.  However, Lincoln Life did ***not*** identify the need for this information in the termination letter.  Again, Lincoln Life could have identified all ***specific*** information it needed but elected not to.

***Third***, Lincoln Life failed to explain its disagreement with Ms. Hawks' treaters.  By way of example, in denying her appeal, there was ***no discussion*** of Dr. Anderson's August 20, 2020 opinion—despite Lincoln Life being aware of this information and identifying it in the appeal denial letter. See AR 153 ("…relied solely on one physician (Dr. Anderson) that did not give fulltime work capacity….").  Lincoln Life's failure to adhere to the Plan and ERISA's regulations warrants judgment in Ms. Hawks favor.

**C.      Lincoln Life's decision was based on a *flawed* investigation and analysis.**

As discussed in Ms. Hawks' briefing, Lincoln Life's decision was based on flaw transferable skills analysis that failed to consider Ms. Hawks ***actual*** occupation requirements, failed to investigate the physical demands of her occupation, and failed to account for all of her restrictions and limitations.  Defendants' response brief does ***not*** support Lincoln Life's actions.

While it can consider the DOT in its analysis, Lincoln Life was ***required*** to also consider Ms. Hawks' ***actual*** occupation requirements. See e.g. *Branca v. Liberty Life Assurance Co.,* 2014 U.S. Dist. LEXIS 46682, at *43-45 (E.D.Pa. Apr. 3, 2014).  However, the termination and

appeal denial letters confirm that Lincoln Life *never* investigated the physical demands of Ms. Hawks' occupation. *See e.g.* AR 149 ("The physical demands of the job are unknown").

Moreover, Lincoln Life failed to consider *all* Ms. Hawks' restrictions and limitations. While the O*Net data "Never" category shows a range beginning at "0", the fact remains that the occupations identified requires *at least some* climbing, crawling and/or balancing—all things Lincoln Life itself confirmed Ms. Hawks is unable to do. *See e.g.* AR 233.

D. **Ms. Hawks' remedy is *not* limited to remand.**

Defendants do not contest the majority of Ms. Hawks' requested remedies. Instead, Defendants contend judgment in Ms. Hawks' favor should only result in her being awarded benefits through November 12, 2020. *See* Dkt 47, p.25. Defendants' argument is without merit. Notably, the case Defendants rely upon *supports* Ms. Hawks position. *See Miller v. Am. Airlines, Inc.*, 632 F.3d 837, 857 (3d Cir. 2011) (In the termination context…benefits should be reinstated to restore the status quo."). Further, in a footnote Defendants' argue there was never an "any occupation" analysis. However, Defendants themselves argue benefits can be reinstated through November 12, 2020—*after* the change in definition. Moreover, Lincoln Life *did* the any occupation analysis—as evidenced by July 2020 TSA. *See* AR 239. Therefore, consistent with *Miller*, if judgment is in Ms. Hawks' favor, the Court should award retroactive benefits through the date of the Court's order.

## Conclusion

Based on the foregoing and as discussed more in her additional briefing, Ms. Hawks requests the Court enter judgment in her favor with the following relief: (i) past due LTD benefits through the date of the Court's order, including interest—with the rate to be determined after further briefing; (ii) award her ongoing LTD benefits pursuant to the Plan; and, (iii) find she is a prevailing party and permitted leave to seek her attorneys' fees and costs.

Date: February 18, 2022

Respectfully Submitted,

/s/ Andrew M. Grabhorn

Andrew M. Grabhorn, *pro hac vice*
*a.grabhorn@grabhornlaw.com*
**Grabhorn Law | Insured Rights**®
2525 Nelson Miller Parkway, Suite 107
Louisville, KY 40223
p: (502) 244-9331
f: (502) 244-9334

Jonathan K. Cohn (PA ID No. 92755)
*jcohn@stembercohn.com*
**STEMBER COHN &
DAVIDSON-WELLING, LLC**
The Hartley Rose Building
425 First Avenue, 7th Floor
Pittsburgh, PA 15219
T.: (412) 338-1445
F.: (412) 338-1446

*Counsel for Plaintiff*

- 6 -